UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TORIBIO JARAMILLO and**
**ROMIE JARAMILLO,**

    **Plaintiffs,**

    v.                                    **CIV. NO. 04-410 LH/ACT**

**BOB TURNER'S FORD COUNTRY, INC.**,

    **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION[1]**

    **THIS MATTER** comes before the Court on a proposed settlement. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommendation on the ultimate disposition of the proposed settlement. Docket No. 121. The Court held a fairness hearing on February 3, 2006.

    1.    This case involves alleged violations of various state and federal statutes as a result of the Plaintiffs purchase of an automobile.

    2.    On June 20, 2005, Hope Eckert was appointed Guardian Ad Litem in this matter to act as "an arms of the Court" for settlement matters. Docket No. 103. The Court reviewed and took judicial notice of the Guardian Ad Litem report dated January 26, 2006, but the report itself has been

---

[1] Within ten(1) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

ordered sealed because of the personal information contained in the report.

    2.    The parties have agreed to settle this matter for $70,000 to be distributed as follows:

        a.    $20,028.19 to pay off various liabilities incurred as a result of owning their mobile home;

        b.    $30,000 in attorney's fees and costs; and

        c.    $19,971.81 to ARC of New Mexico, to fund and pay administrative costs for the operation of a special needs trusts for the benefits of the Plaintiffs.

    3.    Counsel for Plaintiff and Ms. Eckert stated that the trust was set up to ensure that the other benefits received by the Plaintiffs, Medicaid and Social Security benefits as a result of a disability, would not be affected as a result of this settlement.

    4.    At the fairness hearing Ms. Eckert stated that she had "reviewed the pertinent pleadings in the matter...reviewed the evaluations of the Jaramillos prepared by Dr. Sam Roll...met with the Jamamillos...attended the court ordered settlement conference...reviewed the (Proposed) Settlement Agreement and Trust documents...spoke at length with counsel for the Jaramillos through the settlement process...gone over the settlement proposal (including the workings of the trust) with the Jaramillos" and it was her opinion that the settlement was in the best interest of the Plaintiffs. She further stated that the Plaintiffs understood the terms of the settlement and that this was all the money they would receive as a result of this case. Counsel for the Defendant was satisfied with the report and recommendation from the Guardian Ad Litem.

    5.    After consideration of the Report of Guardian Ad Litem and the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is fair and in the best interests of the Plaintiffs.

**RECOMMENDED DISPOSITION**

I recommend that the Court enter an order approving the settlement.

```
_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE
```